## JAMES LEE, JR. *vs.* JOHN B. DEARBORN.

If the only officer of a corporation who has any property has been adjudged liable as a stockholder, in a suit against the corporation for a debt, and judgment has been rendered and execution issued accordingly, he cannot maintain an action against a deputy sheriff for seizing his property upon the execution, after demand made upon the corporation, and refusal to pay the same.

CHAPMAN, J. It appears that the defendant, a deputy sheriff, had an execution in favor of George Johnson and another against the Somerville Dyeing and Bleaching Company, a cor-poration, committed to him for service. In the suit, the present plaintiff had, among others, been summoned as a stockholder, and had been adjudged liable as such stockholder for the debt, and execution had issued accordingly, upon which his property

was taken by the defendant. The present action is brought to recover damages for this seizure of the plaintiff's property. By *St.* 1851, *c.* 315, § 3, he was liable to have his property taken, as a stockholder, if no property of an officer of the corporation could be found to satisfy the execution. But he was also an officer, and the only officer of the corporation who had any property. This brings him within the terms of the statute, and justifies the defendant in levying the execution upon his prop= erty, after a demand made upon the corporation, and a refusal to pay the same. It is immaterial whether it is taken from him as a stockholder or as an officer.

The plaintiff contends that he is not liable as a stockholder until it is established that he is also liable as an officer; and that to make him liable as an officer it must appear that he has violated some official duty within the provisions of Rev. Sts. *c.* 38. Cases may be stated by which it will appear that *St.* 1851, *c.* 315, was framed without taking into view all the cases that might arise under it; and it is manifest that our existing statutes relating to the liability of the officers and stockholders of manufacturing corporations need a careful revision. But in a case like this, where the officer is also a stockholder, and has been adjudged liable as a stockholder, no difficulty arises. To hold that he is not liable would nullify the statute.

*Exceptions overruled*

*E. F. Hodges,* for the plaintiff.

*A. A. Ranney,* for the defendant, was not called upon.